J-A10005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNIE ROBERTS JONES | |
| Appellant | No. 1317 MDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000180-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 12, 2015**

Appellant, Donnie Roberts Jones,[1] appeals from the order entered in the York County Court of Common Pleas, which denied his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[2]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant sexually assaulted the fourteen-year-old victim in 2007.  On October 7, 2008, a jury convicted Appellant of involuntary deviate sexual intercourse—complainant less than sixteen years of age, statutory sexual

---

[1] The certified record refers to Appellant as Donnie Robert<u>s</u> Jones and Donnie Robert Jones.

[2] 42 Pa.C.S.A. §§ 9541-9546.

assault, indecent assault—complainant less than sixteen years of age, and corruption of minors. The court sentenced Appellant on March 2, 2009, to an aggregate term of ten to twenty years' imprisonment. This Court affirmed the judgment of sentence on March 23, 2010, and our Supreme Court denied allowance of appeal on February 9, 2011. *See Commonwealth v. Jones*, 996 A.2d 546 (Pa.Super. 2010), *appeal denied*, 610 Pa. 575, 17 A.3d 1252 (2011). Appellant timely filed his first PCRA petition *pro se* on May 4, 2012. The PCRA court appointed counsel, conducted two evidentiary hearings, and ultimately denied Appellant's petition. This Court affirmed on July 26, 2013.

Appellant filed the current PCRA petition *pro se* on June 23, 2014. The PCRA court appointed counsel, and on July 9, 2014, denied Appellant's petition as untimely.[3] Appellant's counsel timely filed a notice of appeal on August 1, 2014.[4] The PCRA court ordered Appellant on August 5, 2014, to

_____

[3] The record indicates the PCRA court did not give Appellant notice of its intent to dismiss the current PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant, however, has not challenged the absence of the Rule 907 notice on appeal, which constitutes waiver of that claim. *See Commonwealth v. Boyd*, 923 A.2d 513, 514 n. 1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Moreover, even if raised, the issue does not automatically warrant remand where the petition is unquestionably untimely. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000). *See also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (stating same).

[4] While still represented by counsel, Appellant filed a *pro se* notice of appeal on July 31, 2014. The certified docket also indicates Appellant continued to
*(Footnote Continued Next Page)*

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied.[5]  On December 15, 2014, counsel filed with this Court a petition to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

As a preliminary matter, we must address counsel's withdrawal request.  "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of *Turner*/*Finley*."  *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*(Footnote Continued)* ————————

make *pro se* filings on August 13, 2014.  The PCRA court's Rule 1925(a) opinion refers to the dates of these *pro se* filings.

[5] Appellant's counsel filed a Rule 1925(b) statement on September 10, 2014, which was facially untimely.  Nevertheless, this Court may address the merits of a **criminal appeal** where the appellant's Rule 1925(b) statement is untimely filed and served, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal.  ***See generally Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2008) (*en banc*) (addressing post-amendment Rule 1925 and ramifications regarding untimely Rule 1925(b) statement in criminal cases).  Here, the PCRA court chose to address Appellant's issue.  Therefore, our review is unimpeded.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter/brief and petition to withdraw, and advise the petitioner of his right to proceed *pro se* or with new counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, counsel filed a *Turner*/*Finley* "no-merit" letter on appeal and a separate petition to withdraw as counsel. Counsel's letter informing Appellant of counsel's intent to withdraw attached a copy of counsel's *Turner*/*Finley* "no-merit" brief, advised Appellant of his right to proceed *pro se* or with private counsel, and indicated counsel enclosed a copy of the petition to withdraw as well. Counsel listed the issue Appellant wished to raise and explained why the issue merits no relief. Thus, counsel has substantially complied with the *Turner*/*Finley* requirements. Accordingly, we proceed to an independent evaluation. *See Commonwealth v. Widgins*, 29 A.3d 816 (Pa.Super. 2011) (stating court must conduct independent review and agree with counsel that issues raised were meritless).

As Appellant has filed neither a *pro se* brief nor a counseled brief with new counsel, we review this appeal on the basis of the issue raised in the *Turner*/*Finley* letter/brief:

> WHETHER THE PCRA COURT ERRED IN DENYING THE PETITION FOR POST-CONVICTION RELIEF AS UNTIMELY FILED[.]

(**Turner**/**Finley** Letter/Brief at 6).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d. 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii) (including (i) interference of government officials, (ii) discovery of new facts, and (iii) recognition of new constitutional right, held to apply retroactively). A petitioner asserting a timeliness exception must also file a petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). For purposes of the newly recognized constitutional right exception contained in Section 9545(b)(1)(iii), "the sixty day period begins to run upon the date of the underlying judicial decision." **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012).

Here, Appellant's judgment of sentence became final on May 10, 2011, upon expiration of the 90-day time period in which to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct. Rule

13. Appellant filed the current petition on June 23, 2014, more than three years after his judgment of sentence became final. Thus, Appellant's petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant alleges the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) excuses the untimeliness of his petition, pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), which held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. Additionally, Appellant contends the governmental interference timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(i) applies because the Department of Corrections ("DOC") failed to update its computers with all recently published decisions for approximately six months to one year. *Alleyne* was decided on June 17, 2013. Absent more, Appellant's bald assertion, that the DOC failed to update its computers, does nothing to alter the 60-day rule. Thus, Appellant had to file his current PCRA petition by August 16, 2013, to take advantage of the exception at Section 9545(b)(1)(iii). *See* 42 Pa.C.S.A. § 9545(b)(2); *Brandon, supra*. Therefore, Appellant's petition remains time-barred.

In any event, this Court has held that *Alleyne* applies only to criminal cases still pending on direct review. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). Accordingly, we affirm the order

denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed; petition to withdraw granted.

Judge Jenkins joins this memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015